*Issued Jan 16 2009*

## STATE OF VERMONT
## RUTLAND COUNTY

| | |
|---|---|
| **ROBERT ZORN** ) | |
| ) | **Rutland Superior Court** |
| **v.** ) | **Docket No. 571-9-00 Rdcv** |
| ) | |
| **S. SCOTT SMITH** ) | |

### NOTICE OF CONDUCT
### and
### ORDER TO SHOW CAUSE

Final judgment was entered in favor of plaintiff Robert Zorn on August 17, 2001. Since then, Mr. Zorn has attempted to enforce the judgment by various means, including motions filed with this court. Several of the motions appear to violate Vermont Rule of Civil Procedure 11(b). This notice describes the specific conduct that appears to be in violation of the Rule, and provides for Mr. Zorn to respond in accordance with the procedure set forth in Rule 11.

The specific conduct is as follows. On March 31, 2008, more than 6½ years after the entry of final judgment, Mr. Zorn filed a post-judgment document styled as an "ancillary, amended complaint." The document appears to accuse Mr. Smith, the State of Vermont, and the undersigned of engaging in extortion, racketeering, conspiracy, and other organized crimes in connection with Mr. Zorn's unsuccessful attempts to enforce his money judgment.[1] The filing of an amended complaint more than 6½ years after the entry of final judgment is not warranted by any Rule of Civil Procedure, and the document contains factual allegations that do not appear to have evidentiary support.

On May 23, 2008, Mr. Zorn filed a post-judgment document styled as a "Motion for Summary Judgment Against S. Scott Smith Pursuant of V.R.C.P. 56 12 Uncontested Facts." The document appears to seek summary judgment against Mr. Smith under Rule 56 because he failed to file a response to a post-judgment motion for contempt filed by Mr. Zorn. The filing of a motion for summary judgment nearly 7 years after the entry of final judgment is not warranted by any Rule of Civil Procedure.

On June 30, 2008, Mr. Zorn filed a post-judgment document advising the Federal Bureau of Investigation of organized crime activity involving Mr. Smith, the State of Vermont Judiciary, and the undersigned in relation to his difficulties in enforcing the money judgment. The allegations are difficult to understand, but appear to involve accusations of unconstitutional (and treasonous) conduct in relation to motions filed by Mr. Zorn and denied by the court. To the extent that a request for relief from Rutland Superior Court can be discerned, the motion appears to seek "revestment" of the judgment order. It is unclear to the court what this means. The motion does not appear to be warranted by any Rule of Civil Procedure.

---

[1] The undersigned interpreted the complaint as an implied request for disqualification under Rule 40, and referred the request to the Administrative Judge. The request was denied on September 15, 2008.

1

On September 11, 2008, Mr. Zorn filed a post-judgment document seeking to advise the Internal Revenue Service of a conspiracy between Mr. Smith, the State of Vermont, the undersigned, and Mr. Zorn's former attorney in relation to the unsuccessful attempts to enforce the money judgment. The letter was accompanied by an IRS form, completed by Mr. Zorn, accusing Mr. Smith of engaging in organized crime, kickbacks, failure to pay taxes, unreported income, and corruption; it also states that Mr. Zorn considers Mr. Smith to be dangerous. It is not clear what Mr. Zorn hoped to accomplish by filing the letter with the Rutland Superior Court. The letter is not warranted by any Rule of Civil Procedure, and the factual allegations contained in the letter do not appear to have evidentiary support.

On the same day, Mr. Zorn filed a post-judgment document purporting to be a "Motion for Summary Judgment Pursuant of New Facts." This document restates some history involving Mr. Zorn's attempts to enforce his money judgment, and alleges improprieties involving the arrest warrant that was issued against Mr. Smith in April 2002, and shortly thereafter vacated for lack of notice. It is clear from the motion that Mr. Zorn is frustrated by his inability to enforce the money judgment. However, the motion does not appear to request any form of relief authorized by the Rules of Civil Procedure, and does not appear to be warranted by any rule.

Vermont Civil Procedure Rule 11(b)(2) prohibits both attorneys and unrepresented parties from presenting to the court any pleading, written motion, or other paper that is not warranted by existing law. Rule 11(b)(3) prohibits such persons from presenting to the court any pleading, written motion, or other paper that contains factual allegations that do not have evidentiary support. The relevant text of Rule 11(b) is as follows:

> (b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

It appears to the court that the documents described above do not meet the requirements of Rule 11(b). Pursuant to Rule 11(c), Mr. Zorn is entitled to an opportunity to respond in writing stating why the conduct described above does not violate the Rule and warrant sanctions as a result. Mr. Zorn may respond by filing a written statement of **not more than five pages in length** with the Court Clerk within 15 days. This written statement should explain why the conduct described above does not violate Rule 11(b), and why the court should not impose sanctions to deter the continuation of conduct in violation of the rule.

Dated at Chelsea, Vermont this 15th day of January, 2009.


                                      _____

                                        Hon. Mary Miles Teachout
                                        Superior Court Judge